1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   ALEJANDRO HERNANDEZ,                      CIV. S-12-641 JAM

12          Plaintiff,

13     v.                                  AMENDED STATUS (Pre-trial
                                           Scheduling) ORDER
14   TUFF SHEDD, INC., THE HOME
     DEPOT USA, INC.
15          Defendant.
     _____/

16

17     After review of the Joint Status Report, the court makes the

18   following order:

19                          SERVICE OF PROCESS

20     All parties defendant to this lawsuit have been served and

21   no further service will be permitted except with leave of court,

22   good cause having been shown.

23            JOINDER OF ADDITIONAL PARTIES/AMENDMENTS

24     No further joinder of parties or amendments to pleadings is

25   permitted except with leave of court, good cause having been

26   shown.

                                  1

JURISDICTION AND VENUE

Jurisdiction and venue are/are not contested.

FICTITIOUSLY-NAMED DEFENDANTS

This action, including any counterclaims, cross-claims, and third party complaints is hereby DISMISSED as to all DOE or other fictitiously-named defendants.

MOTION HEARINGS SCHEDULES

All dispositive motions shall be filed by **June 12, 2013.** Hearing on such motions shall be on **July 10, 2013 at 9:30 a.m. The parties are reminded of the notice requirements as outlined in Local Rule 230(b).**

The time deadline for dispositive motions does not apply to motions for continuances, temporary restraining orders or other emergency applications.

All purely legal issues are to be resolved by timely pre-trial motions.  The parties are reminded that motions in limine are procedural devices designed to address the admissibility of evidence and are cautioned that the court will look with disfavor upon substantive motions presented at the final pre-trial conference or at trial in the guise of motions in limine.  The parties are further cautioned that if any legal issue which should have been tendered to the court by proper pre-trial motion requires resolution by the court after the established law and motion cut-off date, substantial sanctions may be assessed for the failure to file the appropriate pre-trial motion.

**Unless prior permission has been granted, memoranda of law in support of and in opposition to motions are limited to twenty-five (25) pages, and reply memoranda are limited to ten (10) pages.  The parties are also cautioned against filing multiple briefs to circumvent this rule.**

DISCOVERY

All discovery shall be completed by **May 6, 2013**.  In this context, "completed" means that all discovery shall have been conducted so that all depositions have been taken and any disputes relative to discovery shall have been resolved by appropriate order if necessary and, where discovery has been ordered, the order has been complied with.

DISCLOSURE OF EXPERT WITNESSES

The parties shall make expert witness disclosures under Fed. R. Civ. P. 26(a)(2) by **March 8, 2013**.  Supplemental disclosure and disclosure of any rebuttal experts under Fed. R. Civ. P. 26(a)(2)(c) shall be made by **March 22, 2013**.

Failure of a party to comply with the disclosure schedule as set forth above in all likelihood will preclude that party from calling the expert witness at the time of trial absent a showing that the necessity for the witness could not have been reasonably anticipated at the time the disclosures were ordered and that the failure to make timely disclosure did not prejudice any other party.  See Fed. R. Civ. P. 37(c).

All experts designated are to be fully prepared at the time of designation to render an informed opinion, and give their

3

1  reasons therefore, so that they will be able to give full and
2  complete testimony at any deposition taken by the opposing
3  parties.  Experts will not be permitted to testify at the trial
4  as to any information gathered or evaluated, or opinion formed,
5  after deposition taken subsequent to designation.

6                  JOINT MID-LITIGATION STATEMENTS
7       Not later than fourteen (14) days prior to the close of
8  discovery, the parties shall file with the court a brief joint
9  statement summarizing all law and motion practice heard by the
10 court as of the date of the filing of the statement, whether the
11 court has disposed of the motion at the time the statement is
12 filed and served, and the likelihood that any further motions
13 will be noticed prior to the close of law and motion.  The filing
14 of this statement shall not relieve the parties or counsel of
15 their obligation to timely notice all appropriate motions as set
16 forth above.

17                   FINAL PRE-TRIAL CONFERENCE
18      The final pre-trial conference is set for **August 21, 2013 at**
19 **3:00 p.m.**  In each instance an attorney who will try the case for
20 a given party shall attend the final pretrial conference on
21 behalf of that party; provided, however, that if by reason of
22 illness or other unavoidable circumstance the trial attorney is
23 unable to attend, the attorney who attends in place of the trial
24 attorney shall have equal familiarity with the case and equal
25 authorization to make commitments on behalf of the client.  All
26 pro se parties must attend the pre-trial conference.

                               4

1    Counsel for all parties and all <u>pro</u> <u>se</u> parties are to be

2  fully prepared for trial at the time of the pre-trial conference,

3  with no matters remaining to be accomplished except production of

4  witnesses for oral testimony.  The parties shall file with the

5  court, no later than seven days prior to the final pre-trial

6  conference, a <u>joint</u> pre-trial statement.

7  **<u>Also at the time of filing the Joint Pretrial Statement, counsel</u>**

8  **<u>are requested to e-mail the Joint Pretrial Statement in WPD or</u>**

9  **<u>Word format to Judge Mendez's assistant, Jane Pratt</u>**

10 **<u>at: jpratt@caed.uscourts.gov.</u>**

11   Where the parties are unable to agree as to what legal or

12 factual issues are properly before the court for trial, they

13 should nevertheless list all issues asserted by any of the

14 parties and indicate by appropriate footnotes the disputes

15 concerning such issues.  The provisions of Local Rule 16-281

16 shall, however, apply with respect to the matters to be included

17 in the joint pre-trial statement.  Failure to comply with Local

18 Rule 16-281, as modified herein, may be grounds for sanctions.

19   The parties are reminded that pursuant to Local Rule

20 16-281(b)(10) and (11) they are required to list in the final

21 pre-trial statement all witnesses and exhibits they propose to

22 offer at trial, no matter for what purpose.  These lists shall

23 not be contained in the body of the final pre-trial statement

24 itself, but shall be attached as separate documents so that the

25 court may attach them as an addendum to the final pre-trial

26 order.  The final pre-trial order will contain a stringent

standard for the offering at trial of witnesses and exhibits not
listed in the final pre-trial order, and the parties are
cautioned that the standard will be strictly applied.  On the
other hand, the listing of exhibits or witnesses that a party
does not intend to offer will be viewed as an abuse of the
court's processes.

     The parties are also reminded that pursuant to Rule 16,
Fed. R. Civ. P., it will be their duty at the final pre-trial
conference to aid the court in: (a) formulation and
simplification of issues and the elimination of frivolous claims
or defenses; (b) settling of facts which should properly be
admitted; and (c) the avoidance of unnecessary proof and
cumulative evidence.  Counsel must cooperatively prepare the
joint pre-trial statement and participate in good faith at the
final pre-trial conference with these aims in mind.  A failure to
do so may result in the imposition of sanctions which may include
monetary sanctions, orders precluding proof, elimination of
claims or defenses, or such other sanctions as the court deems
appropriate.


                          TRIAL SETTING

     trial in this matter is set for **September 30, 2013 at
9:00 a.m.**  The parties estimate a trial length of approximately 6
to 9 days.

SETTLEMENT CONFERENCE

No Settlement Conference is currently scheduled.  If the parties wish to have a settlement conference, one will be scheduled at the final pretrial conference or at an earlier time upon request of the parties.


OBJECTIONS TO STATUS (PRETRIAL SCHEDULING) ORDER

This Status Order will become final without further Order of Court unless objection is lodged within seven (7) days of the date of the filing of this Order.

IT IS SO ORDERED.

Dated: May 17, 2012

/s/ John A. Mendez
JOHN A. MENDEZ
United States District Court Judge