IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ALEJANDRO HERNANDEZ,                      CIV. S-12-641 JAM

    Plaintiff,

  v.                                      AMENDED STATUS (Pre-trial
                                              Scheduling) ORDER
TUFF SHEDD, INC., THE HOME
DEPOT USA, INC.
    Defendant.
_____/

    After review of the Joint Status Report, the court makes the following order:

### SERVICE OF PROCESS

    All parties defendant to this lawsuit have been served and no further service will be permitted except with leave of court, good cause having been shown.

### JOINDER OF ADDITIONAL PARTIES/AMENDMENTS

    No further joinder of parties or amendments to pleadings is permitted except with leave of court, good cause having been shown.

## JURISDICTION AND VENUE

Jurisdiction and venue are/are not contested.

## FICTITIOUSLY-NAMED DEFENDANTS

This action, including any counterclaims, cross-claims, and third party complaints is hereby DISMISSED as to all DOE or other fictitiously-named defendants.

## MOTION HEARINGS SCHEDULES

All dispositive motions shall be filed by **June 12, 2013**. Hearing on such motions shall be on **July 10, 2013 at 9:30 a.m. The parties are reminded of the notice requirements as outlined in Local Rule 230(b).**

The time deadline for dispositive motions does not apply to motions for continuances, temporary restraining orders or other emergency applications.

All purely legal issues are to be resolved by timely pre-trial motions. The parties are reminded that motions _in limine_ are procedural devices designed to address the admissibility of evidence and are cautioned that the court will look with disfavor upon substantive motions presented at the final pre-trial conference or at trial in the guise of motions _in limine_. The parties are further cautioned that if any legal issue which should have been tendered to the court by proper pre-trial motion requires resolution by the court after the established law and motion cut-off date, substantial sanctions may be assessed for the failure to file the appropriate pre-trial motion.

**Unless prior permission has been granted, memoranda of law in support of and in opposition to motions are limited to twenty-five (25) pages, and reply memoranda are limited to ten (10) pages.  The parties are also cautioned against filing multiple briefs to circumvent this rule.**

<u>DISCOVERY</u>

All discovery shall be completed by **May 6, 2013**.  In this context, "completed" means that all discovery shall have been conducted so that all depositions have been taken and any disputes relative to discovery shall have been resolved by appropriate order if necessary and, where discovery has been ordered, the order has been complied with.

<u>DISCLOSURE OF EXPERT WITNESSES</u>

The parties shall make expert witness disclosures under Fed. R. Civ. P. 26(a)(2) by **March 8, 2013**.  Supplemental disclosure and disclosure of any rebuttal experts under Fed. R. Civ. P. 26(a)(2)(c) shall be made by **March 22, 2013**.

Failure of a party to comply with the disclosure schedule as set forth above in all likelihood will preclude that party from calling the expert witness at the time of trial absent a showing that the necessity for the witness could not have been reasonably anticipated at the time the disclosures were ordered and that the failure to make timely disclosure did not prejudice any other party.  See Fed. R. Civ. P. 37(c).

All experts designated are to be fully prepared at the time of designation to render an informed opinion, and give their

reasons therefore, so that they will be able to give full and complete testimony at any deposition taken by the opposing parties.  Experts will not be permitted to testify at the trial as to any information gathered or evaluated, or opinion formed, after deposition taken subsequent to designation.

## JOINT MID-LITIGATION STATEMENTS

Not later than fourteen (14) days prior to the close of discovery, the parties shall file with the court a brief joint statement summarizing all law and motion practice heard by the court as of the date of the filing of the statement, whether the court has disposed of the motion at the time the statement is filed and served, and the likelihood that any further motions will be noticed prior to the close of law and motion.  The filing of this statement shall not relieve the parties or counsel of their obligation to timely notice all appropriate motions as set forth above.

## FINAL PRE-TRIAL CONFERENCE

The final pre-trial conference is set for **August 21, 2013 at 3:00 p.m.**  In each instance an attorney who will try the case for a given party shall attend the final pretrial conference on behalf of that party; provided, however, that if by reason of illness or other unavoidable circumstance the trial attorney is unable to attend, the attorney who attends in place of the trial attorney shall have equal familiarity with the case and equal authorization to make commitments on behalf of the client.  All pro se parties must attend the pre-trial conference.

4

1    Counsel for all parties and all pro se parties are to be
2 fully prepared for trial at the time of the pre-trial conference,
3 with no matters remaining to be accomplished except production of
4 witnesses for oral testimony.  The parties shall file with the
5 court, no later than seven days prior to the final pre-trial
6 conference, a joint pre-trial statement.
7 **Also at the time of filing the Joint Pretrial Statement, counsel**
8 **are requested to e-mail the Joint Pretrial Statement in WPD or**
9 **Word format to Judge Mendez's assistant, Jane Pratt**
10 **at: jpratt@caed.uscourts.gov.**
11    Where the parties are unable to agree as to what legal or
12 factual issues are properly before the court for trial, they
13 should nevertheless list all issues asserted by any of the
14 parties and indicate by appropriate footnotes the disputes
15 concerning such issues.  The provisions of Local Rule 16-281
16 shall, however, apply with respect to the matters to be included
17 in the joint pre-trial statement.  Failure to comply with Local
18 Rule 16-281, as modified herein, may be grounds for sanctions.
19    The parties are reminded that pursuant to Local Rule
20 16-281(b)(10) and (11) they are required to list in the final
21 pre-trial statement all witnesses and exhibits they propose to
22 offer at trial, no matter for what purpose.  These lists shall
23 not be contained in the body of the final pre-trial statement
24 itself, but shall be attached as separate documents so that the
25 court may attach them as an addendum to the final pre-trial
26 order.  The final pre-trial order will contain a stringent

standard for the offering at trial of witnesses and exhibits not listed in the final pre-trial order, and the parties are cautioned that the standard will be strictly applied. On the other hand, the listing of exhibits or witnesses that a party does not intend to offer will be viewed as an abuse of the court's processes.

The parties are also reminded that pursuant to Rule 16, Fed. R. Civ. P., it will be their duty at the final pre-trial conference to aid the court in: (a) formulation and simplification of issues and the elimination of frivolous claims or defenses; (b) settling of facts which should properly be admitted; and (c) the avoidance of unnecessary proof and cumulative evidence. Counsel must cooperatively prepare the joint pre-trial statement and participate in good faith at the final pre-trial conference with these aims in mind. A failure to do so may result in the imposition of sanctions which may include monetary sanctions, orders precluding proof, elimination of claims or defenses, or such other sanctions as the court deems appropriate.

## TRIAL SETTING

trial in this matter is set for **September 30, 2013 at 9:00 a.m.** The parties estimate a trial length of approximately 6 to 9 days.

<u>SETTLEMENT CONFERENCE</u>

No Settlement Conference is currently scheduled. If the parties wish to have a settlement conference, one will be scheduled at the final pretrial conference or at an earlier time upon request of the parties.

<u>OBJECTIONS TO STATUS (PRETRIAL SCHEDULING) ORDER</u>

This Status Order will become final without further Order of Court unless objection is lodged within seven (7) days of the date of the filing of this Order.

IT IS SO ORDERED.

Dated: May 17, 2012

/s/ John A. Mendez
JOHN A. MENDEZ
United States District Court Judge

7